# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. 3:18-cv-614 |
| JOE H. GREELEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff JOE H. GREELEY, JR., through his attorney, G. Gregory Green, for his Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff JOE H. GREELEY, JR. is a citizen and resident of the State of Louisiana.

2. Defendant Lincoln National Life Insurance Company(hereinafter referred to as Lincoln National ), is a foreign corporation authorized to transact

business in the State of Louisiana.

3. Defendant Lincoln National Life Insurance Company Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by Lincoln National Life Insurance Company for the benefit of certain employees of Signode Industrial Group, LLC at their plant located near Monroe, Louisiana. Lincoln National is named as the administrator of the Plan.

4. Lincoln National insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. At all times pertinent hereto, Plaintiff was employed by Signode Industrial Group, LLC. Throughout his employment, Plaintiff was a participant in the Plan.

8. Plaintiff has suffered from chronic bilateral low back pain with bilateral sciatica together with lumbosacral sciatica beginning in 1990; the condition suddenly worsened in 2012. The condition has progressively worsened since 2012, forcing claimant to undergo a lumbar fusion surgery on March 16, 2018 due to degenerative disc disease at multiple levels and degenerative collapse at the level of L-5/S-1. Plaintiff's ability to perform the duties of his occupation became progressively more difficult, and he was unable to work beginning early 2017. Effective late 2017, claimant was found to meet the requirements of disability under the Social Security Act.

9. Plaintiff applied for long term disability benefits under the Plan after July, 2017, by submitting to Lincoln National a completed application form, a physician's statement, and all other documents as required by Lincoln National.

10. In July, 2017, all disability payments to plaintiff under the plan ceased.

11. On September 28, 2017, Plaintiff received a letter denying him disability benefits under the paln. The basis of the denial was as follows:

(a) Lincoln National asserted that Plaintiff was not totally disabled under the definition provided in the plan.

(b) Lincoln National asserted that Plaintiff could return to his own occupation as defined under the plan.

12. On or about March 16, 2018, Plaintiff's final administrative appeal was denied by Lincoln National.

13. Plaintiff has received no disability benefits since Lincoln National denied payment of his long term disability benefits in July, 2017.

CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to Lincoln National .

16. Lincoln National has wrongfully denied Plaintiff's claim for benefits under the Plan. Lincoln National has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits.

17. Lincoln National 's denial of Plaintiff's claim for benefits is a result, at least in part, of the conflict between Lincoln National 's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This result of conflict of interest has been

demonstrated in a number of ways, including but not limited to the following:

(a) Lincoln National has refused to consider information from Plaintiff's physicians, which provided detailed explanations for the disability suffered by Plaintiff.

(b) Lincoln National has refused to consider that Plaintiff is incapable of returning to his former job as performed at Signode Industrial Group, LLC, because he is only capable of performing less than a full range of sedentary work as defined by the policy, and has, in fact, been found disabled by the Social Security Administration due to his current level of impairment after lumbar fusion surgery.

(c) Lincoln National's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's initial claim for benefits.

20. Lincoln National's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to Lincoln National from multiple medical sources that treated plaintiff. Lincoln National's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring Lincoln National to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to

continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 07 day of May, 2018.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEY FOR PLAINTIFF
JOE H. GREELEY, JR.